By the Court:

By the common law in England, a party convicted or attainted of felony, forfeits all his goods and chattels, as well as the profits of his lands, to the sovereign, and is thence incapable of maintaining an action, and is regarded as civilly dead, and out of the protection of the law to that extent at least; yet, when he sues as a plaintiff even there, his disability to do so for this reason- must either be pleaded in abatement or specially in bar to the action. But here there is no such general forfeiture of property, or the right to maintain an action, on a conviction for treason or felony, and the maxim or principle of civiliter mortuus cannot therefore apply in this State, even when he is a party plaintiff". But every subject of the king there, from the queen down (for she is a person sole by the com *145 mon law), though he be convicted or attainted of treason or felony, or be outlawed, may be sued in a civil action; since the disability referred to attaches only to a plaintiff there, and not to a defendant. But, if the law were otherwise, there is no issue on the record in this case to raise the question or to sustain the objection, for the counsel has entered the usual appearance for the defendant, and pleaded merely the pleas generally filed in an action of assumpsit.
E. D. Cullen, for the plaintiff:
It should be observed, in all the cases cited, the Court left it to the jury to decide whether any express engagement or promise to pay had been proved or not. But in this case the plaintiff and defendant were no relations in law, being only what were commonly called, by a singular misapplication of terms, father-in-law and son-in-law. Besides, no one could suppose nor would the law presume that there could have been any affection, kindness, or courtesy entertained or intended by a bereaved father towards the murderer of his daughter. Again, it was in proof that, on this mournful occurrence, the family of the defendant was entirely broken up, and these little children had no home left to them, and had, from necessity, not from kindness alone, to be taken to the house of their grandfather for shelter and protection; and no one could imagine that this was intended as a mere gratuity to the defendant, who was far more able than the plaintiff to defray the expense of their maintenance and education. A father, if able, was obliged by law to main *146 tain Ms cMMren, and if he turned them out of doors, and any one supplied their necessities, the law would imply a promise, and compel him to pay for such necessaries.
*145 On the conclusion of the plaintiff’s testimony the defendant’s counsel submitted a motion for a nonsuit, on the ground of the near relationship of the parties, and that indebitatus' assumpsit would not lie in such a case without proof of an express promise to pay, and a special count on the express promise, even if such a promise had been proved. Add. on Contr. 737; Chit. on Contr. 575; Collins v. Mariner’s Administrator, 5 Harr. 290; Cantine v. Phillips’s Administrator, 5 Harr. 428; 4 Denio, 46; 38 Eng. C. L. R. 46; 24 Eng. C. L. R. 277.

*146
The Court

declined to nonsuit the plaintiff, but left the question of fact as to whether.any express promise or understanding had been proved, for the consideration of ttie jury-
Afterwards, in the argument of the case before the jury, the counsel for the defendant insisted that there was no proof of an express or actual promise, or engagement on his part, to pay the plaintiff for the support of his grandchildren, and revived the questions raised by Mm on the motion for a nonsuit, and asked the Court so to instruct the jury on the authorities before cited by him. On the part of the plaintiff it was insisted that, if sufficient proof had been made of an express promise, the plaintiff was entitled to recover in the present action, without a special count on the express promise.

The Court,

Harrington, Ch. J.,

charged the jury: As argued by the counsel, the real point in dispute between them was, that, as between near relations, the plaintiff could not recover for board and maintenance in an action of assumpsit without proof of an express or actual promise, and a count on a special contract to pay for it; but the Court had never so decided. In all the cases which had arisen in this Court of this character, the declaration was in indebitatus assumpsit, and the Court had always left it to the jury to say on such a count whether there was sufficient evidence before them of an express promise or agreement between the parties in regard to the matter as would entitle the plaintiff to recover upon the principle of law which applied in such cases. What the law required in such cases was an actual promise or understanding to pay for the hoard and maintenance, since the law would not imply the promise as in ordinary cases, owing to the near relationship, and the presumption in such cases that no charge was intended, in the absence *147 of any express promise or some actual understanding between the parties in regard to charging and paying for it. This ruling, however, introduced no new principle of pleading in regard to the action, or the mode of declaring on the promise required in cases like the present. The declaration is, that, being indebted to the plaintiff, the defendant promised to pay; and the only difference between this and ordinary cases of indebitatus assumpsit consisted merely in this, that a higher and more positive degree of proof is required by law to sustain the averment in this instance than in the others, where facts and circumstances alone would afford sufficient presumption to imply the promise. The objection of the defendant proceeded on the idea that, in a case like this, the contract was special, and should so be declared on; but if so, then every actual promise to pay a debt which the law would imply a promise to pay without it, would become a special contract, and could no longer be recovered under the common counts in indebitatus assumpsit. Even where the statute of frauds required the contract to be in writing, it was not necessary to so allege it in the declaration; although if the plaintiff failed to prove on the trial that it was in writing, he could not recover upon it.
The Court, however, must say to the jury, under the relationship proved between the parties, the plaintiff could not recover in the action, unless they were satisfied from the evidence they, had heard that the defendant had expressly promised, or there had been some actual understanding between them that he was to pay the defendant for his care and maintenance of the children.
Verdict for the plaintiff.